UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARLON SYMS, | : | Case No. 3:24-cv-1285 (SVN) |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| TEBOW, et al., | : | February 7, 2025 |
| *Respondents* | : | |
| | : | |

**MEMORANDUM OF DECISION**

Petitioner Marlon Syms has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1991 conviction in Connecticut Superior Court for kidnapping, robbery, and related offenses. In response to the order to show cause, Respondents have filed a motion to dismiss the petition on the grounds that: (1) Petitioner is not currently incarcerated pursuant to the 1991 conviction, so this Court lacks jurisdiction to entertain the present habeas petition; (2) the petition is time-barred; (3) Petitioner failed to exhaust his state court remedies on any ground for relief; and (4) one ground for relief is not cognizable in a federal habeas petition. Although granted an extension of time to file his opposition, Petitioner has not filed a memorandum in opposition to the motion to dismiss; nor has he updated his mailing address with the Court. *See* Orders, ECF Nos. 16, 17, 18. Although the Court previously stated that it would dismiss this case if Petitioner did not update his address, it instead addresses Respondents' arguments on the merits.

The Court agrees with Respondents that Petitioner is very likely not presently incarcerated for his 1991 conviction, and the Court therefore lacks jurisdiction over his habeas petition. Nor was the petition timely filed. Therefore, Respondents' motion to dismiss is GRANTED.

I. **PROCEDURAL BACKGROUND**

Petitioner was convicted on October 22, 1991, following a jury trial, on charges of kidnapping in the first degree in violation of Connecticut General Statutes § 53a-92(a)(b), accessory to kidnapping in the first degree in violation of Connecticut General Statutes § 53a-8 and § 53a-92(a)(b), robbery in the first degree in violation of Connecticut General Statutes § 53a-134a(4), conspiracy to commit robbery in the first degree in violation of Connecticut General Statutes § 53a-48a and § 53a-134a(4), and burglary in the second degree in violation of Connecticut General Statutes § 53a-102a. *Syms v. Warden*, No. CV 920001430S, 1998 WL 225091, at *1 (Conn. Super. Ct. Mar. 31, 1998).[1] Petitioner was sentenced to a total effective sentence of twenty years. *Id.* Petitioner's conviction was affirmed on direct appeal. *State v. Syms*, 34 Conn. App. 910 (*per curiam* without opinion), *cert. denied*, 230 Conn. 903 (1994).

Petitioner filed a habeas petition in state court related to his 1991 conviction. In the final amended petition dated August 29, 1997, he asserted claims of ineffective assistance of trial counsel. *Syms*, 1998 WL 225091, at *1. Petitioner claimed that counsel failed to conduct an adequate investigation into facts and witnesses, failed to call certain witnesses, failed to permit Petitioner to testify, and failed to prepare and present any defensive evidence. *Id.* The Connecticut Superior Court dismissed the petition on March 31, 1998. *Id.* at *9. Although the court denied certification to appeal, Petitioner filed an appeal at the Connecticut Appellate Court. *Syms v. Commissioner of Corr.*, 56 Conn. App. 262, 263 (1999) (*per curiam*). On December 28, 1999, the Appellate Court concluded that the trial court had not abused its discretion in denying certification to appeal. *Id.* Petitioner did not seek certification in the Connecticut Supreme Court.

---

[1] Petitioner was convicted under the name of Marvin Syms. *See Syms,* 1998 WL 225091, at *1, n.1. As the Court does not reach the merits of Petitioner's arguments, it does not recount the facts underlying the 1991 conviction.

In 2000, Petitioner filed a second state habeas petition directed to the 1991 conviction, filing his final amended petition on February 22, 2001. *Syms v. Warden*, No. CV00-0595998S, 2003 WL 231672, at *1 (Conn. Super. Ct. Jan. 9, 2003). Petitioner asserted a claim of actual innocence and repeated his claims of ineffective assistance of trial counsel. *Id.* Petitioner also asserted a claim of ineffective assistance of first habeas counsel. *Id.* The court dismissed the claims that trial counsel was ineffective as barred by the earlier habeas court's ruling, and denied the petition on the other two grounds. *Id.* at *1, *2–4. The Connecticut Appellate Court affirmed the judgment on May 18, 2004. *Syms v. Commissioner of Corr.*, 83 Conn. App. 901 (2004) (*per curiam*). Petitioner did not seek certification in the Connecticut Supreme Court.

Petitioner was convicted of other, unrelated charges in 2008 and 2009. *See Syms v. Warden*, No. TSR-CV10-4003372, 2012 WL 6846383, at *1 (Conn. Super. Ct. Dec. 12, 2012). Petitioner has filed several state and federal habeas corpus actions challenging the 2009 conviction. *See Syms v. Weir*, No. 3:15-cv-979 (MPS), 2016 WL 7155732, at *1 (D. Conn. Dec. 7, 2016).

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss a petition for writ of habeas corpus, the court applies the same standard as when reviewing a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, No. 3:17-cv-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018). To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.   DISCUSSION

In the present petition, Petitioner challenges his 1991 conviction on three grounds: (1) he

is actually innocent; (2) trial counsel was ineffective because she failed to object to or preserve for appeal the trial court's denial of the request to call a certain witness; and (3) his kidnapping convictions are illegal based on a Connecticut Supreme Court interpretation of the statute after Petitioner's conviction.  Pet., ECF No. 1, at 9–13.

Respondents move to dismiss the petition on four grounds: (1) Petitioner is not currently incarcerated pursuant to the 1991 conviction; (2) the petition is time-barred; (3) Petitioner failed to exhaust his state court remedies on any ground for relief; and (4) one ground for relief is not cognizable in a federal habeas petition.  *See* Mot. Dis., ECF No. 14.

The Court concludes that Petitioner is very likely not in custody with respect to the 1991 conviction he challenges here, and, in any event, the petition was not timely filed.  Therefore, the petition must be dismissed.

### A.   "In Custody" Requirement

"The federal habeas statute gives the United States district court jurisdiction to entertain petitions for writ of habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989); 28 U.S.C. § 2254(a).  This jurisdictional requirement has been interpreted to require that the petitioner be "in custody" under the conviction or sentence he is challenging at the time he filed the petition, *id.* at 490–91, or under a consecutive sentence imposed at the same time as the conviction or sentence being challenged.  *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995).  Once a sentence has fully expired, a habeas petitioner is no longer "in custody" on that conviction. *Maleng*, 490 U.S. at 492.

Respondents state that they understand, based on communication with the Department of

Correction, that Petitioner's sentence for his 1991 conviction expired in 2006, but they provide no evidence to support this understanding. ECF No. 14 at 4 n.2. Information available on the Department of Correction website indicates that Petitioner's latest admission date was April 7, 2008. *See Inmate Information*, CONN. STATE DEP'T OF CORR., www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=165217 (last visited Feb. 7, 2025). This supports Respondents' statement that the 1991 sentence had concluded prior to 2008, given that he was convicted of an unrelated charge in 2008.

Petitioner was sentenced to a term of imprisonment of twenty years on his 1991 conviction. If Petitioner received no presentence or good time credit, the sentence would have expired on October 22, 2011. As such, it appears very unlikely Petitioner would have been incarcerated on his 1991 sentence when he filed this petition on August 2, 2024. Thus, Petitioner likely cannot satisfy the "in custody" requirement with respect to the present petition. *See Lackawana Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions."). Because there is no definitive evidence that Petitioner is not currently in custody on his 1991 conviction, however, the Court proceeds to address Respondents' second argument for dismissal: the untimely filing of the petition, which is dispositive.

### B. Timeliness

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period commences, as relevant here, when the

petitioner's conviction becomes final, which is defined as the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed, *id.*, and may be tolled for the period during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (direct review of a conviction includes review by United States Supreme Court on petition for writ of certiorari or review in a state's highest court).

The Court concludes that the petition is time-barred under these rules.  Due to the age of the underlying conviction, the Court cannot ascertain precisely when Petitioner first filed the two state habeas actions directed to the 1991 conviction.  Thus, the Court begins the analysis from the conclusion of the second state habeas action.  The Connecticut Appellate Court affirmed the judgment of the state court on the second habeas petition on May 18, 2004.  Petitioner did not seek certification with the Connecticut Supreme Court.  Thus, the limitations period commenced on May 18, 2004, and expired on May 18, 2005.  As Petitioner did not commence this action until August 2024, more than nineteen years after the limitations period expired, the petition is untimely and must be dismissed.

## IV.     CONCLUSION

Because Petitioner is very likely not in custody with respect to the 1991 conviction he challenges here, and because, in any event, the petition was not timely filed, Respondents' motion to dismiss the petition for writ of habeas corpus, ECF No. 12, is GRANTED, and the petition is dismissed.  The Clerk is directed to close this case.

6

The Court concludes that jurists of reason would not find it debatable that the petition is untimely filed. Thus, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

**SO ORDERED** at Hartford, Connecticut, this 7th day of February, 2025.

                                            */s/ Sarala V. Nagala*
                                            SARALA V. NAGALA
                                            UNITED STATES DISTRICT JUDGE